BOWES, Judge.
Appellant, Charles M. Dufrene, Sr., was indicted for two counts of distribution of a controlled dangerous substance to a minor, aggravated crime against nature and forcible rape. The minors to whom he purportedly gave drugs were his son and his daughter.
Pursuant to a plea bargain, three of the four counts were dismissed and, on January 31; 1985, the defendant pled guilty to forcible rape with the understanding that he would be sentenced to between two and fifteen years at hard labor with at least two years of the sentence to be without benefits (the maximum sentence exposure was forty years).
Thereafter, the court ordered a pre-sen-tence investigation and, on March 29, 1985, sentenced the defendant to fifteen (15) years imprisonment at hard labor with the first two years to be served without benefit of probation, parole, or suspension of sentence. The defendant is presently before this court urging only that the record be checked for patent error.
La.C.Cr.P. art. 920 provides “[t]he following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of reviewing an error patent, the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975).
Where the conviction has been obtained by a plea of guilty, the issue of whether the defendant was properly “boyk-inized” also constitutes a proper inquiry in a review for “error patent.” For as the Supreme Court held in State v. Godejohn, 425 So.2d 750, 751 (La.1983):
The colloquy which occurs when the court canvasses the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences is a part of the plea of the accused. It is in the nature of a pleading or proceeding, rather than testimony or evidence. Therefore, a review of it for error on appeal constitutes a mere inspection of the pleadings and proceedings without inspection of the evidence.
See also State v. Nicholas, 462 So.2d 1295 (La.App.5th Cir.1985).
The record (including the transcript of the plea colloquy and the form entitled “Defendant’s Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty”) reflects that the judge advised the defendant of his right (1) to a trial by a jury; (2) to confront his accusers; and (3) to remain silent as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The transcript of the plea proceeding reflects that the trial judge questioned the defendant regarding his understanding of the rights explained and ascertained wheth *13 er he was voluntarily relinquishing them. Judge Porteous further examined the defendant and his counsel concerning the completion of the guilty plea rights form which Dufrene had signed. The defense counsel assured the judge that he had read and signed the rights form, and the defendant responded that he had read and signed the rights form and that his counsel had explained the form to him.
Additionally, the trial judge explained to the defendant the possible sentencing exposure, assuring himself that Dufrene understood the penal consequences of the plea of guilty. He also inquired as to whether the defendant was satisfied with the counsel appointed to represent him. Throughout the colloquy, Dufrene responded affirmatively and adequately conveyed to the court his willingness to waive the described rights and enter the guilty plea to the charged offense.
Our examination of the record reveals no patent error as to the defendant’s plea of guilty to forcible rape. Accordingly, his conviction and sentence are affirmed.
AFFIRMED.