499 So.2d 1196 (1986)
STATE of Louisiana
v.
Louis LAMBERT.
No. 86-KA-378.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1986.
Dorothy A. Pendergast, Asst. Dist. Atty., Research and Appeals, Gretna, for plaintiff-appellee.
Martha E. Sassone, Indigent Defender Bd., Gretna, for defendant-appellant.
Before GAUDIN, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
Defendant Louis Lambert was charged by bill of information with simple criminal damage to property with the damage amounting to less than $500.00. LSA-R.S. 14:56. Following a bench trial, defendant was found guilty as charged. He was sentenced to serve six months in the parish jail and upon his release from jail to be placed on inactive probation for one year with a special condition of probation that the defendant *1197 make restitution to the victim. The defendant has appealed, urging only that this court check the record for errors patent. In its brief, the state called attention to the illegality of the defendant's sentence and moved for its correction.
In a rage over his estranged wife's refusal to step outside of her parents' home and speak with him, the defendant vented his anger against her unoccupied car, shooting out the windshield, front passenger's side window, rear driver's side window, and shooting a bullet through the passenger door. The cost to repair the broken glass was $291.60. The bullet hole in the car door was not repaired.
La.C.Cr.P. art. 920 provides, "[t]he following matters and no others shall be considered on appeal: (1) an error designated in the assignment of errors; and (2) an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of reviewing an error patent, the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975). State v. Dufrene, 479 So.2d 11 (La.App.Cir. 5 1985).
Our review of the record in this case reveals an illegal sentencing error unfavorable to the defendant. Although defendant did not object to this error at the time of sentencing or urge it on appeal, the error shall be considered by this court since it is an error discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. La.C.Cr.P. art 920(2); State v. Jackson, 452 So.2d 682 (La.1984). Additionally the state asked in its brief that we correct the illegal senstence. See State v. Sepich, 473 So.2d 380 (La.App.Cir. 5 1985).
At the sentencing hearing, the trial judge ordered the defendant to pay restitution to the victim upon his release from prison. Articles 895 and 895.1 of the Code of Criminal Procedure permit a judge to provide for restitution as a condition of a probated sentence only when the judge suspends the execution of sentence. Because there was no suspension of sentence, this portion of defendant's sentence is illegal. State v. Starks, 471 So.2d 1029 (La.App. Cir. 1 1985). State v. Savoie, 448 So.2d 129 (La.App.Cir. 1 1984), writ denied 449 So.2d 1345. Additionally, the trial judge did not order restitution in a determinate amount stating the amount for the record as required by La.C.Cr.P. art. 895(A)(7). State v. Hardy, 432 So.2d 865 (La.1983). Even if the sentence were otherwise legal, which it is not, this portion of the sentence would need to be vacated.
The sentence imposed is illegal for another reason. The trial court did not suspend any portion of the defendant's six month sentence; accordingly, the additional one year probationary period exceeds the trial court's sentencing authority under Article 894. State v. Givens, 403 So.2d 65 (La.1981). Article 894 authorizes probation in misdemeanor cases not to exceed two years when the trial court has suspended the sentence in whole or in part.
Examination of the record reveals no other errors patent as to the defendant's conviction.
Accordingly, we affirm defendant's conviction but vacate the sentence imposed and remand the case to the trial court for resentencing in accord with the views expressed herein.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.