BOWES, Judge.
On February 9, 1989, the defendant, Janine Head, along with Anastasia Williams and Mary Mayeux, was charged by Grand Jury indictment with one count of aggravated battery, LSA-R.S. 14:34, and one count of conspiracy to commit aggravated battery (LSA-R.S. 14:26). Pursuant to a plea bargain agreement, the defendant pled guilty to both counts and was sentenced to ten years on the aggravated battery charge and five years on the criminal conspiracy charge, to be served concurrently. The defendant now appeals. We affirm.
The defendant conspired with Anastasia Williams and Mary Mayeux to injure Peggy Theriot by throwing a noxious substance on her chest. Pursuant to their plan, Ms. Williams, Ms Mayeux and the defendant prepared a “Drano” laced substance. The defendant and Ms. Williams then proceeded to carry out the rest of the plan. The defendant drove the “get-away” car to the scene of the crime, where Ms. Williams exited the car and waited for Peggy Theriot. Ms. Theriot exited her car, whereupon Ms. Williams walked up to her. After asking her what time it was, Ms. Williams threw the substance in her face. *162 As a result of this crime, Ms. Theriot has been blinded in one eye. She also sustained injuries to her face and throat, which have required at least six operations thus far.
On appeal, the defendant argues that her sentence is excessive.
La.R.S. 14:34 provides that, for the commission of an aggravated battery, a defendant “shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both.” La.R.S. 14:26 provides that, for the offense of being a party to a criminal conspiracy, a defendant “shall be fined or imprisoned, or both ... not [to] exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for such offense or both.” Therefore, the defendant’s sentences of ten years at hard labor for aggravated battery and five years at hard labor for criminal conspiracy were the maximum terms of imprisonment she could have received.
The record reflects that the sentences were imposed pursuant to a plea bargain agreement.
It has repeatedly been held that, where a specific sentence has been agreed to as a consequence of a plea bargain, that sentence cannot be appealed as excessive and there is no need for the trial judge to give reasons for the sentence as required by C.Cr.P. art. 894.1. State v. Bell, 412 So.2d 1335 (La.1982); State v. Curry, 400 So.2d 614 (La.1981); State v. Alfonso, 496 So.2d 1218 (La.App. 5 Cir.1986) writ denied 501 So.2d 206 (La.1987); State v. Coats, 449 So.2d 688 (La.App. 5 Cir.1984).
The defendant argues that under State v. Jett, 419 So.2d 844 (La.1982), a defendant may challenge and appeal a sentence imposed pursuant to a plea bargain as excessive. However, we have previously rejected this argument. State v. Smith, 430 So.2d 801 (La.App. 5 Cir.1983).
Nevertheless, we do not find that the trial court erred by imposing an excessive sentence. Although within statutory limits, a sentence may be held to be excessive if it is grossly out of proportion to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Brogdon, 457 So.2d 616 (La.1984), cert den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). Maximum sentences are imposed in cases involving the most serious violations of the charged offense and for the worst kind of offenders. State v. Quebedeaux, 424 So.2d 1009 (La.1982). A trial court is granted wide discretion in sentencing a defendant, and a penalty within the statutory limits may not be set aside absent manifest abuse of that discretion. State v. Landos, 419 So.2d 475 (La.1982).
The record reflects that Ms. Head is a first offender who was gainfully employed and providing financial assistance to her mother. However, the defendant plotted with two others to commit the crime of aggravated battery by throwing a noxious substance on the victim with the deliberate, premeditated, intention of terribly scarring her for life. In addition, the victim had done nothing to the defendant personally to provoke her. She had merely done her duty by previously testifying against the defendant’s uncle. The defendant assisted in the preparation of the Drano-laced substance and she drove the car to and from the scene of the crime, where a companion threw the substance onto the victim. As a result of these deliberate, premeditated actions, the victim has sustained serious injuries, including the loss of sight in one eye, probably for the rest of her life. She has undergone numerous operations to face, neck and throat.
The sentences imposed may appear harsh. However, given the cruel, deliberate, premeditated, and heinous nature of the crime committed, and its adverse lifelong effects upon an innocent victim, we do not find that the trial judge abused his manifest discretion by the imposition of these sentences. Although the defendant was sentenced to the maximum terms of imprisonment, the trial court did not impose a fine pursuant to either the aggravated battery or the criminal conspiracy convictions, which he could have done. We *163 also note that, as a first offender, the defendant will be eligible for parole after serving one-third of her sentence. La.R.S. 15:574.4; State v. Green, 418 So.2d 609 (La.1982). We, therefore, conclude that this assignment completely lacks merit.
Additionally, we have reviewed the record for errors patent in accordance with guidelines in State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Schneider, 542 So.2d 620 (La.App. 5 Cir.1989), and find none. In addition, a review of the record and transcript reflect that the defendant was properly advised of, and knowingly and intelligently waived her constitutional rights prior to the entry of her guilty plea as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). See State v. Godejohn, 425 So.2d 750 (La.1983).
For the foregoing reasons, the convictions and sentences are affirmed.
AFFIRMED.