570 So.2d 516 (1990)
STATE of Louisiana
v.
Douglas FAULKNER.
No. 90-KA-357.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1990.
*517 Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff, appellee.
Martha E. Sassone, Indigent Defender Bd., 24th Judicial Dist., Gretna, for defendant, appellant.
Before BOWES, GAUDIN and GOTHARD, JJ.
GOTHARD, Judge.
The defendant, Douglas Faulkner, was charged by bill of information with second degree battery in violation of LSA-R.S. 14:34.1. He was arraigned and pled not guilty. After a jury trial on November 29, 1989 the defendant was found guilty as charged and was subsequently sentenced to serve five years at hard labor and pay $2,000.00 restitution. Upon the suggestion of the Department of Probation and Parole, participation in the Impact program was recommended.
The defendant appeals his conviction and sentence. He assigns four errors for our review:
1. The trial court erred in revoking the defendant's bond.
2. The evidence presented at trial was not sufficient to justify the verdict returned.
3. The trial court erred in sentencing the defendant to an excessive sentence.
4. The defendant seeks a review of the record for errors patent on the fact.
Assignment number one has not been briefed and is, therefore, considered abandoned. Rule 2-12.4, Uniform RulesCourt of Appeal.
The victim and the defendant both testified at trial. According to the victim, Shirley Hausly, the defendant attacked her in the early morning hours of March 25, 1989 as she was leaving a friend's apartment. The victim attempted to flee and return to the apartment, but fell as she ran up the stairs. The defendant overtook her and struck her several times in the face and left side. When she managed to knock on the door of the apartment of the friends she had been visiting, the defendant discontinued the beating but remained in the area, preventing her departure. She waited several hours and eventually left without further incident. She returned to her mother's home where she resided and telephoned the police. After lodging a complaint against the defendant, the victim *518 went to East Jefferson Hospital for medical treatment. As a result of the incident she received a broken nose, several fractured ribs and a punctured lung requiring four days of hospitalization and three months of convalescence.
Although the defendant admits engaging in an altercation with the victim, his version of the incident is substantially different. He testified that he had gone to the apartment at the victim's request because she told him she needed money for drugs. He said he intended to take her home. After she refused to leave, he threatened to tell her mother of her whereabouts. When she drew a knife, he wrestled it away from her. He stayed around the apartment for a while and then returned home where he was later located by police officers who issued him a misdemeanor summons.[1] He denied inflicting the injuries complained of by the victim.
The defendant asserts that the evidence presented was insufficient to justify the verdict. There is no argument on this assignment, nor is there any indication of which element of the crime the evidence is insufficient to meet.
The essential elements of second degree battery, which must be proven beyond a reasonable doubt, are (1) the intentional use of force or violence upon the person of another; (2) without the consent of the victim; and (3) when the offender has the specific intent to inflict serious bodily injury. State v. Fuller, 414 So.2d 306 (La. 1982). The statute defines serious bodily injury as, "bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss of impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death." LSA-R.S. 14:34.1.
When reviewing the evidence for sufficiency we must view it in the light most favorable to the prosecution, to determine if any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of every element of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Williams, 490 So.2d 255 (La.1986).
In the instant case, it is apparent that the jury found the victim's testimony more credible than the defendant's. The assessment of credibility of a witness is properly within the realm of the fact finder and an appellate court should not second-guess a credibility finding beyond the sufficiency evaluation under the Jackson, supra standard of review. State v. Falls, 508 So.2d 1021, 1024 (La.App. 5th Cir.1987). The testimony of the victim alone can sufficiently establish the elements of the crime. State v. Barnes, 491 So.2d 42 (La.App. 5th Cir.1986); State v. Falls, supra. Using the Jackson standard of review we find that a rational trier of fact could have found the defendant guilty of second degree battery. This assignment is without merit.
It is asserted, without argument or explanation in brief on appeal, that the defendant's sentence is excessive. An excessive sentence is one which is grossly out of proportion to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985), rehearing denied, 473 U.S. 921, 105 S.Ct. 3547, 87 L.Ed.2d 670 (1985). Sentences that are within the statutory limit may nevertheless be considered excessive. Sentence must be individualized to be compatible with the offender as well as the offenses. State v. Avila, 563 So.2d 990 (La.App. 5th Cir.1990).
Additionally, the record should reflect that the trial judge gave adequate consideration to the guidelines contained in C.Cr.P. art. 894.1. State v. Sepulvado, 359 So.2d 137 (1978), appeal after remand 367 So.2d 762 (La.1979). Although the judge need not articulate every factor considered in sentencing a defendant, the record must reflect that the trial court considered the seriousness of the offense as well as mitigating and aggravating factors. State v. *519 Richardson, 550 So.2d 961 (La.App. 5th Cir.1989).
In our review for excessiveness of the sentence in the case at bar we note that, although the defendant was sentenced to serve the maximum sentence of five years at hard labor, it was recommended that he be a participant in the impact program.[2] While participation is not guaranteed, if accepted into the program actual imprisonment of defendant is limited to 180 days. LSA-R.S. 15:574.4(C). Upon completion of the program the offender may be released to intensive parole supervision or ordered to serve the remainder of his sentence as provided by law. LSA-R.S. 15:574.4(C).
The trial judge did not articulate his reasons for sentence. Instead he attempted to get defendant's waiver of his right to articulate reasons by suggesting the defendant agree to the sentence. Since there is no indication in the record that this was a negotiated sentence, the trial court is obliged to comply with the requirements of C.Cr.P. art. 894.1.
Failure of the trial court to comply with C.Cr.P. art. 894.1 is not fatally defective if the sentence does not appear facially excessive in relation to the particular offender or the actual offense committed. State v. Davis, 448 So.2d 645 (La.1984); State v. Lynch, 512 So.2d 1214 (La.App. 5th Cir.1987). So long as the record clearly reflects an adequate factual basis for the sentence imposed, remand is unnecessary. State v. Barnes, 489 So.2d 402 (La.App. 5th Cir.1986), writ denied 494 So.2d 1174; State v. Lynch, supra.
The record reveals that the defendant is classified as a first offender, although there was a prior charge of battery pending against him in an unrelated incident. There are also extensive medical reports substantiating the severity and extent of the victim's injury. As mitigation, it is apparent the trial court considered the likelihood that defendant would be placed in the Impact program. Eligibility for parole is an amelioratory factor which may be considered in gauging the excessiveness of a sentence. State v. Lombard, 501 So.2d 889 (La.App. 5th Cir.1987), writ denied 506 So.2d 504 (La.1987). Under these circumstances we do not find it necessary to remand for compliance with C.Cr.P. art. 894.1.
As requested we have reviewed the record for errors patent. That review reveals an error in sentencing not previously discussed. The trial court ordered the defendant to pay restitution in the amount of $2,000.00 upon his release from prison. Restitution is permitted only in cases where the sentence is suspended and the defendant is placed on probation. C.Cr.P. arts. 895, 895.1. Because there was no suspension of sentence, this portion of the sentence is illegal and must be vacated. State v. Lambert, 499 So.2d 1196 (La.App. 5th Cir.1986).
Accordingly, we affirm the defendant's conviction and sentence in all respects except that portion of the sentence ordering $2,000.00 restitution, which is vacated.
CONVICTION AFFIRMED, SENTENCE AFFIRMED IN PART AND VACATED IN PART.
NOTES
[1] The defendant was later arrested after the severity of the victim's injuries was determined.
[2] An intensive incarceration program established by LSA-R.S. 15:574.4 as a means for first offenders to gain early release from prison.