590 So.2d 100 (1991)
STATE of Louisiana
v.
Ibrahim A. KAFIEH.
No. 91-KA-352.
Court of Appeal of Louisiana, Fifth Circuit.
November 13, 1991.
*101 John M. Mamoulides, Dist. Atty., Lawrence Altermann, and Dorothy A. Pendergast, Asst. Dist. Attys. (Louise Korns, of counsel), Office of the Dist. Atty., 24th Judicial Dist., Parish of Jefferson, Gretna, for plaintiff-appellee.
Frank J. Larre and William H. Barth, III, New Orleans, for defendant-appellant.
Before KLIEBERT, C.J., and BOWES and GOTHARD, JJ.
KLIEBERT, Chief Judge.
By bill of information filed on March 21, 1989 the defendant, Ibrahim Kafieh, was charged with the crime of attempted second degree murder in violation of LSA-R.S. 14:27, 14:30.1. A not guilty plea to that charge was withdrawn and on August 14, 1989 the defendant entered a plea of guilty to aggravated battery as defined by LSA-R.S. 14:34. At that time the trial judge conducted a Boykin colloquy with defendant who signed a "Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of Plea of Guilty" form. After accepting his plea of guilty the trial judge ordered a pre-sentence *102 investigation and set sentencing for November 15, 1989, at which time the defendant was sentenced to ten years at hard labor with credit for time served.
Thereafter, defendant, through counsel, filed a "Motion and Order for Withdrawal of Guilty Plea and/or Sentencing Hearing and/or New Trial." This was denied by the trial judge on November 28, 1989 with the handwritten notation that Kafieh still had the right to appeal an excessive sentence and that the other relief which he sought should be set out in a post-conviction application.
In January of 1990 defendant, through counsel, filed a "Uniform Application for Post Conviction Relief" wherein he alleged that 1) his guilty plea was unintelligent and involuntary, 2) he pleaded guilty on the advice of his then attorney who told him that because he was a first offender he would get a suspended or light sentence, 3) he did not understand that by pleading guilty he was giving up the right to appeal the severity of the sentence, and 4) the presentence investigation report was biased against him. In that regard he contends some nine and one-half pages were devoted to the position of the complainant and the investigating officer with only one small paragraph covering his position. Additionally, he says there was a failure to investigate "the rocky social history of the individuals and families involved and the possibility of child abuse caused to Kafieh's child by the separated wife."
On February 1, 1990, the trial judge denied the defendant's application for post-conviction relief. In his written reasons he explained how the accused had signed the guilty plea waiver freely, knowingly, and voluntarily, and ruled that the claim contesting the coverage of the pre-sentence investigation should have been raised before sentencing, reviewed the circumstances of the case and the reasons why he thought the sentence imposed was not excessive.
On March 19, 1991, defendant, through counsel, moved for and was granted an out of time appeal to this Court, wherein he presents for review six assignments of error. For the reasons hereafter stated we reject the assignments of error and affirm the defendant's conviction and sentence.
The first assignment of error relates to those patent on the face of the record. We find none.
In Assignment of Error No. 2 defendant contends the sentence is excessive. This contention is grounded in the fact the defendant is a first-time offender and the so-called "passionate" nature of the crime. The argument is not persuasive. The facts of the offense, as found by the trial judge, are as follows:
"THE COURT:
... the defendant and the victim have three small children who witnessed the defendant stab the victim three times. During his separation from the victim, one of the children burned himself with some hot chocolate. The defendant convenienced (sic) the victim to let him take her and the child with the other children to the hospital. During the trip the defendant got into an argument with the victim. The defendant passed the exit for the hospital. And the victim asked the defendant where he was going. Defendant said, `I'm going to kill you and get rid of you.' The victim asked where, how and why. And the defendant stated, `In the car, because I'm not going to pay you for eighteen years of child support and you enjoy it.' The defendant further stating, `Why not just kill you and go to jail for five years and five years probation rather than pay eighteen years of child support.' The defendant then started cursing the victim and pulled out a knife. The defendant then pointed the knife at the victim and asked her if she could see it. The victim then stuck her hands out the window and began screaming in order to get someone's attention. She received no help. The defendant told the victim to get back inside the car since her screaming would not stop her from being killed. The defendant then parked the car in the median of the I-10 in the grass section and he said, `Let's see who is stronger, you or me.' He then put the knife in his left *103 hand, grabbed the victim, the victim's face with his left hand. The victim then bit the defendant on his left hand that was covering her mouth in an attempt to to free herself. The defendant then said, `I'll kill you,' and raised the knife. The defendant then said, `Take one. Take two.' Then he slashed the victim's left forearm as she tried to fend off the striking knife. And the defendant then stuck the knife into the the victim's left side as she turned away. The children at this time began screaming and jumping into their mother's lap and holding on to her. The defendant tried to remove the children, and the victim was able to escape and flag down a taxi cab driver to take her to a hospital.
The victim suffered nerve damage to her arm and kidney damage. The victim feared for her life and the life of her children, and feared that the defendant will get back at her."
It will be recalled that the defendant was originally charged with attempted second degree murder, which carries a maximum penalty of fifty (50) years imprisonment. LSA-R.S. 14:27, 14:30.1. He subsequently agreed to plead guilty to the lesser offense of aggravated battery for which the maximum prison term is ten (10) years. LSA-R.S. 14:34. The record reflects that the trial judge complied with the sentencing guidelines of C.Cr.P. Article 894.1. He articulated a comprehensive factual basis for the sentence he imposed. Contrary to the assertion made by the defense, the trial judge did consider the defendant's first-time offender status and the emotional aspects of this offense. The judge further considered the brutal nature of the defendant's attack on the victim, the severe injuries sustained by the victim, the defendant's expressed intent to kill the victim, and the defendant's wanton behavior in committing this crime with three small children standing by as helpless witnesses to the savage attack on their mother.
The trial judge has wide discretion in the imposition of sentences within the statutory limits. A sentence should not be set aside absent manifest abuse of the trial judge's broad discretion. State v. Lanclos, 419 So.2d 475 (La.1982). On appellate review, the standard for determining whether a trial judge has abused his discretion is whether the sentence imposed is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355 (La.1980).
The trial judge imposed the maximum sentence for aggravated battery. Maximum sentences are reserved for the most serious violations of the relevant statute and for the worst type of offenders. State v. Stucke, 419 So.2d 939 (La.1982). Although the defendant is a first-time offender, this case constitutes a most serious violation of the state's aggravated battery statute. The defendant brutally attacked the victim while armed with a knife. He stabbed the victim twice, inflicting severe wounds on her. The defendant carried out his attack in the presence of the victim's three young children, with absolute disregard for their safety. The viciousness of the defendant's actions leaves little doubt that the defendant intended to kill the victim. The record in this case supports imposition of the maximum sentence for aggravated battery. See State v. Munoz, 575 So.2d 848 (5th Cir.1991). Additionally, the trial judge, in formulating an appropriate sentence, was entitled to consider the significant reduction in exposure to imprisonment that the defendant obtained through plea bargaining. State v. Lanclos, supra.
This assignment of error lacks merit.
In Assignment of Error No. 3 the defendant claims that the trial judge erred in formulating a sentence which relied on biased and inaccurate information allegedly contained in the pre-sentence investigation report. On appeal, however, the defendant neither briefs nor argues this assignment of error. Under Rule 2-12.4 of the Uniform Rules-Courts of Appeal, this assignment of error may be considered abandoned. See State v. Mayeaux, 570 So.2d 185 (5th Cir.1990), writ denied, 575 So.2d 386 (La.1991). Parenthetically, it should be pointed out that the trial court afforded the defendant the opportunity to disagree with the contents of the investigation report at *104 the sentencing hearing. It should further be noted that the portion of the report challenged by the defendant is apparently the victim impact statement, which is mandated by C.Cr.P. Article 875 B. The statements made by the victim in this case appear to comply with the requirements imposed by that article.
We conclude that this assignment of error lacks merit.
Assignment of Error No. 4 asserts that the trial judge abused his discretion when he refused to allow the defendant to withdraw his guilty plea and have an evidentiary hearing with sworn testimony to determine the actual basis for the presentence investigation report. It was after sentencing that the defendant filed a motion to withdraw his guilty plea. The trial court denied the motion. On appeal, the defendant claims that the trial judge abused his discretion in denying that motion. However, the record in this case fails to support the defendant's contention.
Prior to sentencing, the trial court may permit a defendant to withdraw a guilty plea. C.Cr.P. Article 559. However, once the defendant has been sentenced, only guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. Dixon, 449 So.2d 463 (La.1984); State v. Alfonso, 496 So.2d 1218 (5th Cir.1986), writ denied, 501 So.2d 206 (La.1987). A guilty plea is constitutionally infirm when the defendant is induced to enter that plea by a plea agreement which is not fulfilled. State v. Dixon, supra.
The record in this case reflects that the trial judge carefully advised the defendant of the constitutional rights he would waive by pleading guilty. The judge informed the defendant of the maximum sentence which could be imposed, and he emphasized that no promises were made concerning the sentence that the defendant would receive. The record also contains a comprehensive waiver of rights form signed by the defendant. The defendant was therefore properly "Boykinized" before the trial judge accepted the guilty plea. While the defendant may now be dissatisfied with his sentence, that does not provide a basis for withdrawal of a guilty plea. State v. Boatright, 406 So.2d 163 (La.1981); State v. Batiste, 517 So.2d 371 (5th Cir.1987).
This assignment of error lacks merit.
Assignment of Error No. 5 is levelled at the fact that the record contains a statement by the trial judge that the defendant was originally charged with second degree murder when in fact he was originally charged with attempted second degree murder. In his application for post-conviction relief, the defendant had asserted three claims, including one that the sentence was excessive. In denying that claim the trial judge inaccurately described the original charge against the defendant as second degree murder, rather than attempted second degree murder. The defendant now contends that this inaccuracy constitutes reversible error.
A reading of ruling here challenged by the defendant clearly demonstrates that the inaccurate reference to the original charge against the defendant in no way affected his substantive rights. The trial court found that the 10-year sentence imposed on the defendant was not excessive "under the circumstances of this case, where the defendant admitted stabbing his wife in a car while enroute to a hospital with his severely burned child ..." At most, the inaccuracy contained in the trial court's ruling was inadvertent and amounted to nothing more than harmless error. C.Cr.P. Article 921.
This assignment of error lacks merit.
Assignment of error No. 6 is based upon the contention of the defendant that his guilty plea was defective because the waiver of rights form he executed does not reflect that the defendant knowingly relinquished his rights under State v. Crosby, 338 So.2d 584 (La.1976). Once again, the record in this case does not support the defendant's position.
Entry of an unqualified guilty plea waives all nonjurisdictional defects in the proceedings prior to the pleas and precludes *105 appellate review of such defects. State v. Moore, 420 So.2d 1099 (La.1982). However, the defendant may plead guilty subject to a specific reservation of his right to obtain appellate review of pre-plea rulings by the trial court. State v. Crosby, supra. Although the defense claims that the defendant did not knowingly give up his right to enter a Crosby plea, there is no indication that the defendant had the right to enter a Crosby plea. The record in the case does not reveal any pre-plea rulings by the trial court which might serve as the basis for entry of a Crosby plea. Nor does the defendant specify any such rulings. Crosby, supra, does not apply to this case. Moreover, a reasonable interpretation of the waiver of rights provision here challenged by the defendant indicates nothing more than the inapplicability of Crosby to this case.
This assignment of error lacks merit.
For the reasons assigned, the judgment of conviction and sentence appealed from is affirmed.
AFFIRMED.