GAUDIN, Judge.
Michael Gerbitz was originally charged with simple burglary of an inhabited dwelling, LSA-R.S. 14:62.2. Following plea bargaining, he pled guilty to an amended and reduced charge of unauthorized entry of an inhabited dwelling, LSA-R.S. 14:62.3. He agreed to and was given a three-year sentence.
Gerbitz appeals his sentence as excessive. Our thorough review of this state’s jurisprudence reveals that once an accused intelligently agrees, along with the state and trial judge, on a specific sentence, the sentencing judge and reviewing appellate courts are deprived of any sentencing discretion.
We were unable to find even one instance wherein a defendant agreed to a specified sentence before entering a guilty plea and then was allowed to appeal that sentence. The trial judge must impose the agreed-on sentence. There is no need for him to state reasons. See State v. Head, 556 So.2d 161 (LaApp. 5 Cir.1990), writs denied at 561 So.2d 98 (La.1990).
Gerbitz’s present counsel is not the attorney who negotiated the three-year sentence. In now asking for an appellate review or for a voiding of the sentence and a remand for new sentencing, Gerbitz relies on general wording in the plea bargaining form and also on the allegation that the three-year sentence was beyond sentencing guidelines. Nonetheless, if a specific sentence is agreed on and then imposed, there is no right of review.
There is no contention here that Gerbitz did not agree to the sentence or that he was not fully informed of the term. Also, there is no assertion that either the state or district judge did not live up to any part of the agreement.
AFFIRMED.