645 So.2d 773 (1994)
STATE of Louisiana
v.
Larry JONES.
No. 94-KA-383.
Court of Appeal of Louisiana, Fifth Circuit.
October 25, 1994.
*774 John M. Crum, Jr., Dist. Atty., Parish of St. John The Baptist, Edgard, for plaintiff-appellee.
Perry J. Roussel, Jr., court appointed atty., LaPlace, for defendant-appellant.
Before KLIEBERT, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
The defendant, Larry Jones, was charged with two counts of aggravated battery, in violation of La.R.S. 14:34. At his arraignment the defendant pled not guilty to both counts of aggravated battery. A preliminary hearing, resulted in a finding of probable cause on one count of aggravated battery, and a reduction of the second count of aggravated battery to a charge of simple battery. The defendant subsequently pled guilty to this reduced charge of simple battery however, the State elected not to prosecute the simple battery charge and chose to proceed only with prosecution on one count of aggravated battery. The defendant withdrew his plea of not guilty and tendered a plea of guilty to aggravated battery. Following a Boykin colloquy with the defendant, the trial court accepted his plea and the defendant was sentenced to ten years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The trial court further ordered the defendant to pay restitution to the victim in the amount of $5,000.00. The defendant subsequently filed a motion to reconsider sentence which was denied. The defendant thereafter filed a timely motion for appeal which was granted.

FACTS
While outside a LaPlace convenience store, the defendant, without provocation, struck the victim, Joseph Bailey, in the face with a glass bottle as Bailey proceeded toward the store's entrance. The bottle broke in the victim's face causing extensive damage to his right eye. The defendant, along with several unidentified individuals, then fled the scene. The victim's girlfriend, Karen Gaubert, witnessed the incident from a vehicle parked outside the store and later identified the defendant as the perpetrator from his picture in a mug book.

ASSIGNMENT OF ERROR NUMBER ONE
The trial court erred in deviating from the sentencing guidelines and sentencing Larry Jones to the unconstitutionally excessive maximum sentence of ten years at hard labor and ordering that he reimburse the victim the amount of $5,000.00.

ASSIGNMENT OF ERROR NUMBER TWO
The trial court erred by not giving consideration to mitigating factors for setting Larry Jones' sentence within the sentencing guidelines.

DISCUSSION
By these two assignments of error, the defendant seeks to establish that his ten-year sentence is excessive. He argues that the trial court impermissibly deviated from the Louisiana Sentencing Guidelines and also failed to consider mitigating factors which would have served to lessen the defendant's sentence.
Louisiana R.S. 14:34 provides in part: "Whoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both." Although defendant's ten-year sentence falls within this prescribed statutory range, it may still be reviewed for constitutional excessiveness. State v. Barnes, 489 So.2d 402, 408 (La.App. 5th Cir.1986), writ denied, 494 So.2d 1174 (La.1986) (citing State v. Smith, 433 So.2d 688 (La.1983); State v. Guajardo, 428 So.2d 468 (La.1983). Furthermore, as noted above, the defendant, in compliance *775 with La.C.Cr.P. art. 881.1, filed a motion to reconsider the sentence imposed, claiming that his ten-year sentence was excessive. The trial court denied the motion to reconsider and upheld the original sentence. The defendant's excessiveness claim is now properly before this Court.
The trial court's utilization of the Louisiana Sentencing Guidelines is governed by the Code of Criminal Procedure Articles enacted concurrently with the promulgation of the guidelines. In pertinent part, these articles provide:
Art. 894.1 Sentencing guidelines
A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission
. . . . .
C. The court shall state for the record the considerations taken into account, including aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence.
Art. 881.4. Action by appellate court
D. The appellate court shall not set aside a sentence for failure to impose a sentence in conformity with the sentencing guidelines or for excessiveness if the record supports the sentence imposed.
Art. 881.6. Effect upon sentence
No sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
In State v. Smith, 639 So.2d 237 (La.1994) (1994 WL 31786) the Supreme Court held that the Guidelines are advisory and further ruled that:
While a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence. La.C.Cr.P. art. 894.1; and (2) Where the trial judge has considered and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge employed or deviated from the Guidelines.
In sentencing the defendant, the sentencing judge did consider the sentencing guidelines. Based on the presentence investigation report and with the concurrence of both the State and defense counsel, the judge, for the record, placed the defendant at Grid 2-G on the Guidelines Grid. The sentencing judge, however, after articulating the circumstances set forth below, chose to impose a sentence outside the incarceration range recommended by Grid 2-G:
The following aggravating circumstances are those circumstances the Court is taking into consideration in imposing sentencing. Those are that the offender's conduct during the commission of the offense manifested deliberate cruelty to the victim. That the offense resulted in a significant permanent injury and a significant economic loss to the victim and his family. Particularly, this man has lost the use of his eye and may possibly loose his eye. His medical bills I have in possession, my possession at this time totaling at this time approximately five thousand ($5,000.00) dollars and suffers physical and psychological damages, and his ability to earn a living is certainly suffering at this time and may suffer in the future. Additionally, a deviation from the guidelines that I'm allowed to rely on is any other relevant aggravating circumstances which distinguish this case from the typical case in the offense of conviction and another consideration of mine at this time is the unprovoked and senseless violence involved in *776 this offense. I find that there are no mitigating factors to consider ...
Based on the Grid Level that the offense falls into, falls into Grid Level Two-G which calls for a maximum of sixty (60) months incarceration [and] a minimum of thirty-six (36) months incarceration. However, considering the aggravating circumstances pertinent to this particular offense, the Court finds that a deviation from the guidelines is warranted and I will, in fact, because of these aggravating circumstances, impose the maximum sentence under the law deviating from the guidelines, which will be ten (10) years.
Thus, while the sentencing judge considered the guidelines, she did not sentence the defendant to a period of incarceration consistent with the guidelines' recommendation, and instead elected to impose a sentence within the statutory range provided by La. R.S. 14:34. The sentencing judge clearly stated for the record the aggravating circumstances taken into account and the factual basis for imposition of the ten-year term of imprisonment. The defendant's suggestion that the sentencing judge ignored mitigating factors is without merit. The sentencing judge specifically stated that she found no mitigating factors present. The task of this Court, therefore, is limited to a review of the defendant's sentence imposed for constitutional excessiveness.
In State v. Jones, 559 So.2d 492, 495 (La. App. 5th Cir.1990), writ denied, 566 So.2d 981 (La.1990), this Court set forth the constitutional jurisprudence regarding excessive sentences:
The courts are prohibited from imposing cruel, excessive, or unusual punishment by Article I, Section 20 of the Louisiana Constitution of 1974. Sentences which are "grossly out of proportion to the severity of the crime" or "nothing more than the purposeless and needless imposition of pain and suffering" are excessive. State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Studivant, 531 So.2d 539 (La.App. 5th Cir.1988). Even sentences which are within statutory limits may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tyler, 524 So.2d 239 (La.App. 5th Cir. 1988).
In reviewing a sentence for excessiveness this Court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence. A sentence within statutory limits will not be set aside as excessive absent manifest abuse of discretion. State v. Davis, 449 So.2d 452 (La.1984); State v. Lynch, 512 So.2d 1214 (La.App. 5th Cir.1987). This Court should further consider three factors in reviewing a judge's sentencing discretion 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Smith, 520 So.2d 1252 (La.App. 5th Cir.1988), writ denied, 523 So.2d 1320 (La.1988).
This Court has stated that, as a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense, and the worst type of offender. State v. Bailey, 494 So.2d 1199, 1202 (La.App. 5th Cir.1986), writ denied, 496 So.2d 351 (La.1986) (citing Telsee, 425 So.2d at 1251; State v. Lanclos, 419 So.2d 475 (La.1982)). Recognizing the wide discretion afforded to the trial judge in determining and imposing sentence, coupled with the defendant's violent, unprovoked attack, as well as the victim's extensive eye damage, the trial court's ten-year statutory maximum sentence is not an abuse of discretion, nor does it shock our sense of justice. Further, this Court has routinely upheld maximum aggravated battery sentences where a first-time felony offender has committed a violent criminal act. See, e.g., State v. Head, 556 So.2d 161 (La.App. 5th Cir. 1990), writ denied, 561 So.2d 98 (La.1990); State v. Munoz, 575 So.2d 848 (La.App. 5th Cir.1991); writ denied, 577 So.2d 1009 (La. 1991); State v. Kafieh, 590 So.2d 100 (La. *777 App. 5th 1991). Finally, despite the trial court's parole restriction, the defendant will be eligible for parole after serving one-third of the sentence actually imposed. La.R.S. 15:574.4. Under the circumstances of this case, defendant's ten year sentence is not excessive.
Assignments of error numbers one and two are without merit.

ERROR PATENT DISCUSSION
Although the defendant failed to specifically request a review for errors patent, this Court routinely conducts a patent error review of all criminal appeal records. An error patent review conducted in accordance with State v. Williams, 593 So.2d 753 (La. App. 5th Cir.1992) and La.C.Cr.P. art. 920 reveals the following:
In sentencing the defendant the trial court imposed a ten-year sentence at hard labor without benefit of parole, probation, or suspension of sentence. The trial court further ordered restitution to the victim in the amount of $5,000.00. The aggravated battery statute, La.R.S. 14:34, does not provide that the sentence may be imposed without benefit of parole, probation, or suspension of sentence. As this Court recently stated, "this is an obvious error ... which renders defendant's sentence illegal." State v. Battle, 635 So.2d 337, 343 (La.App. 5th Cir.1994).
The trial court also erred by ordering restitution to be paid to the victim in this case. With regard to La.C.Cr.P. arts. 895 and 895.1, this Court has held that, "Restitution is permitted only in cases where the sentence is suspended and the defendant is placed on probation." State v. Faulkner, 570 So.2d 516, 519 (La.App. 5th Cir.1990). In Faulkner, this Court vacated that portion of defendant's sentence ordering him to pay restitution where defendant's sentence was not suspended. Faulkner, 570 So.2d at 519 (citing State v. Lambert, 499 So.2d 1196 (La. App. 5th Cir.1986)).
Finally, in imposing sentence, the trial court failed to give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. La.C.Cr.P. art. 880. Furthermore, both the minutes for sentencing and the clerk's handwritten record of the proceedings fail to provide credit for time served.
Although we can understand the trial judge's intention in ordering the restitution in this case it is not permitted unless the defendant's sentence is suspended and he is placed on probation.
Accordingly, the sentence of the defendant is vacated and this matter is remanded to the trial court for resentencing, not inconsistent with this opinion.
SENTENCE VACATED, REMANDED FOR RESENTENCING.