770 So.2d 454 (2000)
STATE of Louisiana
v.
Aaron R. RICHARDSON.
No. 00-KA-134.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 2000.
*455 Paul D. Connick, Jr., District Attorney, Richard P. Pickens, II, Terry M. Boudreaux, Assistant District Attorneys, Gretna, Attorneys for Appellee.
Edward R. Greenlee, Baton Rouge, Attorney for Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr., MARION F. EDWARDS and CLARENCE E. McMANUS.
EDWARDS, Judge.
Defendant, Aaron P. Richardson, was convicted of aggravated battery, a violation of LSA-R.S. 14:34. For the reasons which follow we affirm the conviction, vacate the sentence and remand to the trial court for re-sentencing.
Richardson was convicted of stabbing Mr. Johnny Thomas on January 4, 1999. Mr. Thomas told the court that he was involved in a relationship with Ms. Jeanette Avila and he was aware that Richardson had a previous relationship and one child with Ms. Avila.
Mr. Thomas testified the children were asleep upstairs and that he and Ms. Avila were asleep on a mattress downstairs when about 11:00 p.m. he was awakened by someone running down the stairs in the apartment. On waking, Mr. Thomas saw Richardson running toward him as if he was intending to jump on Mr. Thomas' chest. Mr. Thomas and Richardson started *456 wrestling, Richardson tried to choke Mr. Thomas and strike his head on a table. Mr. Thomas broke away from Richardson and ran to get his hunting knife to protect himself. The two men struggled over the knife; Richardson bit Mr. Thomas on the hand causing Mr. Thomas to drop the knife. Richardson then grabbed the knife and stabbed Mr. Thomas in the arm.
Mr. Thomas testified that he ran outside, ran around his truck, and then to the door of a friend, Damyre Alonzo. Richardson slashed Mr. Thomas in the face, and stabbed him several times before Lenny Brown opened the door of Ms. Alonzo's house and pulled Mr. Thomas inside.
Mr. Thomas stated that Richardson did not enter Ms. Avila's apartment by either the front or back door because he had checked the doors himself and Ms. Avila told him she had taken her key back from Richardson. Mr. Thomas surmised that Richardson entered the apartment through an upstairs window. Mr. Thomas told the court that he lost approximately seven months of work because of his injuries.
Ms. Damyre Alonzo testified that she witnessed the stabbing. Ms. Alonzo identified Richardson in open court as the perpetrator.
Deputy Ryan Singleton told the court that he responded to the call and observed several stab wounds on Mr. Thomas. He told the court that Richardson was identified at the scene as the perpetrator. Deputy Singleton also identified Richardson in court.
Richardson testified on his own behalf. He told the court about his previous convictions for possession of marijuana with intent to distribute and aggravated battery. Richardson testified that, prior to the incident, he had been living with Ms. Avila. He testified that he let himself into Ms. Avila's apartment with his key and went upstairs to check on the children. He told the court that he went downstairs and tapped Ms. Avila on the shoulder at which time Mr. Thomas jumped up and "tagged him." He testified that he scuffled with Mr. Thomas to get the knife out of Mr. Thomas' hand and that he "jugged" Mr. Thomas because he felt his life was in danger. Richardson admitted stabbing Mr. Thomas inside the apartment but denied following Mr. Thomas outside of the apartment and stabbing him.
On January 29, 1999, the Jefferson Parish District Attorney's Office filed a bill of information charging Aaron P. Richardson with aggravated burglary, a violation of LSA-R.S. 14:60. Richardson was arraigned on February 8, 1999, at which time he pled not guilty. On the day of trial, July 19, 1999, the District Attorney's Office amended the charge to aggravated battery (a violation of LSA-R.S. 14:34). On July 19, 1999, Richardson waived his right to a jury trial and proceeded to a trial before the court. The trial judge found Richardson guilty as charged. Richardson filed a Motion For New Trial, which the trial court denied on July 28, 1999. Based on the foregoing, the trial court found Richardson guilty as charged and immediately after denying his Motion For New Trial, the trial court sentenced him to ten years of imprisonment at hard labor. On August 9, 1999, Richardson filed a Motion to Reconsider Sentence which was denied by the trial court. Richardson filed a timely appeal.

LAW AND ANALYSIS
Richardson argues that his ten-year sentence on a conviction for aggravated battery was excessive. Richardson properly preserved this argument for appeal by filing a timely motion to reconsider sentence, which the trial court denied.
A sentence is unconstitutionally excessive if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering.[1]
*457 The Louisiana Supreme Court addressed the issue of sentencing in State v. Robicheaux,[2] noting:
Trial judges are granted great discretion in imposing sentences, but even sentences within statutory limits may be excessive under certain circumstances. Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or grant probation, the judge must consider certain factors enumerated in La.C.Cr.P. art. 894.1(A)(B). This article entitles the defendant to such an articulation and represents a legislative attempt to guide the trial judge in thoughtfully imposing an appropriate sentence under the facts and circumstances of the particular case. Also this serves as an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive.[3]
In reviewing a sentence for excessiveness, a court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence. A sentence within statutory limits will not be set aside as excessive absent manifest abuse of discretion.[4]
LSA-R.S. 14:34 requires that "Whoever commits the crime of aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both."
In imposing Richardson's sentence in this case the trial court stated:
This was an extremely violent act. But, for theMr. Richardson already has a conviction for aggravated batteryI believe Mr. Richardson is a good father. He has a horrible, horrible temper problem. But for the people who let the victim in their house this would have been a murder.
Richardson argues that the facts of his case did not warrant the imposition of the maximum sentence. However, this Court has routinely upheld maximum sentences in battery cases where there was severe injury to the victim.[5] According to the testimony and evidence, Mr. Thomas underwent exploratory surgery and missed seven months of work from this stabbing.
The trial court stated its reasons for sentence. Therefore, considering the injuries caused to the victim, Richardson's past history, and the fact that Richardson followed Mr. Thomas outside, stabbing him as he was trying to escape, the trial court did not violate its vast discretion by imposing the maximum sentence. The judgment of the trial court must be affirmed.
The record was reviewed for errors patent.[6] Two were found in the record, one of which one must be corrected.
The first error patent is an irregularity in the arraignment. Richardson was arraigned on the charge of aggravated burglary, but convicted on the charge of aggravated battery. On the day of trial, the state amended the bill of information to charge Richardson with aggravated battery instead of aggravated burglary. The record reflects that he was not arraigned on the aggravated battery charge. LSA-C.Cr.P. art. 555 provides that the failure to arraign the defendant or the fact that he did not plead is waived if the defendant *458 enters upon trial without objecting thereto and that it shall be considered as if he had pled not guilty. Because Richardson proceeded to trial without objection, any irregularity in the arraignment was waived and will not be considered by this Court.
The second error patent reflects that the trial court erred by sentencing Richardson immediately after denying his Motion For New Trial without obtaining a waiver of the statutory delay from him. Prior to sentencing, Richardson filed a written Motion For New Trial. On July 28, 1999, the trial court denied Richardson's Motion For New Trial. Immediately after denial of his Motion For New Trial there was a brief discussion regarding Richardson's multiple offender status at which time the trial court imposed sentence.
LSA-C.Cr.P. art. 873 provides:
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, a sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
This Court held that an error in sentencing a defendant without a 24-hour delay was harmless where defendant neither complained of the sentence nor claimed to have been prejudiced by the mistake.[7] The Louisiana Supreme Court held that, absent a showing that prejudice resulted from the delay, reversal of the prematurely imposed sentence was not required.[8] However, the sentence there was mandatory whereas Richardson's sentence was not mandatory.
In an earlier case, this Court held that, where the defendant challenges the penalty imposed, we cannot consider the failure to observe the 24-hour mandate harmless error.[9] This Court remanded that case for re-sentencing. As in Avila, Richardson alleged that his sentence was excessive. Inasmuch as Richardson's sentence was not mandatory, this Court cannot consider the error harmless and as such we vacate the sentence and remand to the trial court for re-sentencing.
In summary, it is the opinion of this Court that the sentence of the trial court was not excessive, but because the trial court was in violation of LSA-C.Cr.P. art. 873, this Court shall vacate the sentence and remand for re-sentencing.[10]
For the foregoing reasons Richardson's convictions are affirmed. The sentence is vacated and the case is remanded to the trial court for re-sentencing.
CONVICTIONS AFFIRMED; SENTENCE VACATED; CASE REMANDED.
NOTES
[1] State v. Ratcliff, 416 So.2d 528 (La.1982).
[2] 412 So.2d 1313 (La.1982).
[3] Id. at 1319 (citations omitted).
[4] State v. Bacuzzi, 97-573 (La.App. 5th Cir. 1/27/98), 708 So.2d 1065, 1068-1069; State v. Jones, 94-383 (La.App. 5th Cir. 10/25/94), 645 So.2d 773, writ denied, 94-2826 (La.3/10/95), 650 So.2d 1175.
[5] See State v. Rainey, 98-0436 (La.App. 5th Cir. 11/25/98), 722 So.2d 1097, 1107, writ denied, 98-3219 (La.5/7/99), 741 So.2d 28, and cases cited therein.
[6] LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
[7] State v. Forrest, 95-31 (La.App. 5th Cir. 2/14/96), 670 So.2d 1263, writ denied, 96-0654 (La.6/28/96), 675 So.2d 1117
[8] State v. Seals, 95-0305 (La.11/25/96), 684 So.2d 368, cert. denied, 520 U.S. 1199, 117 S.Ct. 1558, 137 L.Ed.2d 705 (1997)
[9] State v. Avila, 563 So.2d 990 (La.App. 5 Cir.1990).
[10] State v. Alexander, 98-993 (La.App. 5 Cir. 3/10/99), 734 So.2d 43; State v. Guidroz, 98-377 (La.App. 5 Cir. 10/14/98), 721 So.2d 480, 490-491, writ denied, 98-2874 (La.2/26/99), 738 So.2d 1061.