790 So.2d 717 (2001)
STATE of Louisiana
v.
Aaron P. RICHARDSON.
No. 01-KA-239.
Court of Appeal of Louisiana, Fifth Circuit.
June 27, 2001.
*718 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Rebecca J. Becker, Richard R. Pickens, II, Assistant District Attorneys, Gretna, Attorneys for Appellee.
Margaret S. Sollars, Thibodaux, Attorney for Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS and SUSAN M. CHEHARDY.
EDWARDS, Judge.
Defendant, Aaron P. Richardson, was convicted of aggravated battery, a violation of LSA-R.S. 14:34, and sentenced to ten years of imprisonment at hard labor. On appeal, this court affirmed the conviction, but on patent error review, discovered that the trial court had immediately sentenced Richardson after denying his motion for new trial without obtaining a waiver of statutory delays. Consequently we vacated the sentence and remanded for re-sentencing.[1] On January 17, 2001, Richardson was resentenced to ten years at hard labor. At that time he orally objected to the sentence as excessive, and filed a motion for appeal.

ASSIGNMENT OF ERROR NUMBER ONE
The Trial Court erred when it sentenced Mr. Richardson to an excessive sentence.
Richardson argues that his ten-year sentence on a conviction for aggravated battery was excessive. We note that after his re-sentencing Richardson orally objected to his sentence in the trial court, but failed to file a Motion To Reconsider Sentence. La.C.Cr.P. art. 881.1 provides that a defendant may file a motion to reconsider sentence within 30 days of sentencing, but requires that the motion be made orally at the time of sentencing, or in writing, and that it set forth the specific grounds on which the motion is based. The failure to file a motion to reconsider sentence, or to state the specific grounds on which the motion is based, precludes a defendant from raising those grounds on appeal.[2] However, in these circumstances this court has generally considered the issue of whether the sentence was constitutionally excessive.[3]
Richardson also argues that the trial judge failed to consider the criteria set forth in LSA-C.Cr.P. art. 894.1 when she imposed the sentence. Because he did not file a motion to reconsider and did not raise this issue in the trial court, he is precluded from doing so for the first time on appeal.[4] Even if defendant was not precluded from raising this issue on appeal, if there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every *719 circumstance listed in Article 894.1 will not require a remand for resentencing.[5]
A sentence is unconstitutionally excessive if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering.[6] In reviewing a sentence for excessiveness, this court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. The trial judge is afforded wide discretion in determining a sentence and if the record supports the sentence imposed, the court of appeal will not set aside a sentence for excessiveness.[7] A sentence which falls within the statutory limits may be excessive under certain circumstances.[8] However, such sentence will not be set aside absent manifest abuse of discretion.[9]
Richardson was convicted of aggravated battery, a violation of LSA-R.S. 14:34, and sentenced to ten years of imprisonment at hard labor. The penalty provision of that statute provides as follows: "Whoever commits the crime of aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both."
In the instant matter, the state presented evidence that the Richardson, while armed with a knife, attacked and stabbed Mr. Johnny Thomas in the arm and the face, while the victim was trying to escape. Mr. Thomas was in a relationship with Ms. Jeanette Avila, the mother of Richardson's child. The evidence also showed that Mr. Thomas underwent exploratory surgery and missed seven months of work due to this stabbing.
In re-urging an excessive sentence claim in his second appeal, Richardson avers that his first appeal may not have fully addressed the circumstances which led to the stabbing of Mr. Thomas. According to Richardson, the following facts are not in dispute:
1) Mr. Richardson's son lived with Ms. Avila and he and Ms. Avila had previously had a relationship;
2) Mr. Richardson had been given a key to the apartment where Ms. Avila lived;
3) Ms. Avila was presently living with Johnny Thomas;
4) Mr. Richardson entered the apartment unannounced and checked on his son because he was concerned about his well-being;
5) Mr. Thomas thought Mr. Richardson was preparing to attack him as he lay sleeping;
6) They began to fight and wrestle when Mr. Thomas broke away and ran to get a hunting knife to use in the fight;
7) In the struggle for the knife, Mr. Thomas was bitten, the knife was *720 dropped, and Mr. Richardson managed to get it;
8) At that point, Mr. Richardson stabbed Mr. Thomas in the arm and Mr. Thomas ran outside;
9) Mr. Thomas was stabbed several more times as he ran to a friend's apartment where he was taken in and the police were called; and
10) Mr. Thomas missed several months of work as a result of his wounds.
Richardson argues that Mr. Thomas was the aggressor in this case, because he originally got the weapon and attacked Mr. Richardson. Richardson claims that he entered the apartment because he was concerned about the safety of his child, and that he was trying to defend himself at the time of the attack. He also argues in his second appeal that the facts of the case did not warrant the imposition of the maximum sentence. The state correctly argues that, although the defendant was convicted of aggravated battery and received the maximum term of imprisonment, he did not receive the maximum sentence since no fine was imposed as permitted by LSA-R.S. 14:34.
We have previously considered whether a sentence of ten years in this matter was excessive, and determined that it was not:
The trial court stated its reasons for sentence. Therefore, considering the injuries caused to the victim, Richardson's past history, and the fact that Richardson followed Mr. Thomas outside, stabbing him as he was trying to escape, the trial court did not violate its vast discretion by imposing the maximum sentence.[10]
The present appeal has presented no new grounds or facts upon which to base a finding of excessiveness on re-sentencing. This assignment of error is without merit.

ERROR PATENT REVIEW
We have reviewed the record for errors patent[11] and found none. For the foregoing reasons, the sentence is affirmed.
AFFIRMED.
NOTES
[1] State v. Richardson, 00-134 (La.App. 5th Cir.9/26/00), 770 So.2d 454.
[2] State v. Mims, 619 So.2d 1059, 1060 (La. 1993); State v. Holmes, 94-907 (La.App. 5 Cir. 3/15/95), 653 So.2d 642, 646.
[3] State v. Stec, 99-633 (La.App. 5 Cir. 11/30/99), 749 So.2d 784, 789; State v. Richmond, 98-1015 (La.App. 5 Cir. 3/10/99), 734 So.2d 33, 38.
[4] State v. Battie, 98-1296 (La.App. 5 Cir. 5/19/99), 735 So.2d 844, 855, writ denied, 99-1785, 750 So.2d 980 (La.11/24/99). State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 967-968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839,
[5] State v. Morris, 98-236 (La.App. 5 Cir. 9/16/98), 719 So.2d 1076, 1082.
[6] State v. Ratcliff, 416 So.2d 528, 534 (La. 1982).
[7] State v. Guzman, supra, at 1167; State v. Sanders, 98-855 (La.App. 5 Cir. 5/19/99), 734 So.2d 1276, 1278, writ denied, 99-1980 (La.1/7/00), 752 So.2d 175; State v. Payne, 00-1171 (La.App. 5th Cir.12/13/00), 777 So.2d 555.
[8] State v. Brown, 94-1290 (La.1/17/95), 648 So.2d 872, 877; State v. Guzman, 99-1528 (La.5/16/00), 769 So.2d 1158, 1167.
[9] State v. Bacuzzi, 97-573 (La.App. 5 Cir. 1/27/98), 708 So.2d 1065, 1068-1069; State v. Jones, 94-383 (La.App. 5 Cir. 10/25/94), 645 So.2d 773, 776, writ denied, 94-2826 (La.3/10/95), 650 So.2d 1175.
[10] State v. Richardson, supra, at p. 457.
[11] In accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).