795 So.2d 459 (2001)
STATE of Louisiana
v.
Roy WALKER.
No. 01-KA-348.
Court of Appeal of Louisiana, Fifth Circuit.
August 28, 2001.
*461 Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, Attorney for Appellant, Roy Walker.
Paul D. Connick, Jr., District Attorney, Joseph RobertsTrial Counsel, Terry M. BoudreauxAppellate Counsel, Assistant District Attorneys, Gretna, LA, Attorneys for Appellee, State of Louisiana.
Panel composed of Judges JAMES L. CANNELLA, WALTER J. ROTHSCHILD and JAMES C. GULOTTA, pro tem.
JAMES L. CANNELLA Judge.
Defendant, Roy Walker, appeals from his convictions of attempted manslaughter and conspiracy to commit armed robbery, and his respective sentences of 15 years imprisonment and, after a second felony habitual offender finding, to 35 years imprisonment, both at hard labor and to run consecutively. For the reasons which follow, we affirm the convictions and the 15 year imprisonment at hard labor sentence for the attempted manslaughter, set aside the habitual offender finding and enhanced sentence and remand.
On June 10, 1998, Wayne Kairdoff (Kairdoff) and Agent Marc Gorenc were involved in an undercover sting operation wherein they attempted to purchase heroin from Darren Sterling (Sterling). Kairdoff, a college student and previous heroin addict, contacted Sterling to purchase $1500 of heroin. Agent Gorenc accompanied Kairdoff on the buy by posing as Kairdoff's friend, who contributed to the money used to purchase the heroin.
Kairdoff and Agent Gorenc made initial contact with Sterling around 1:00 p.m. at Sterling's residence on Rue Racine. After several meetings at various locations, the three men ended up at a Texaco station on Lapalco Boulevard at approximately 3:30 p.m. Kairdoff and Agent Gorenc were waiting at the Texaco station in Kairdoff's vehicle when Sterling arrived in his own vehicle. After Sterling parked his vehicle, Kairdoff and Agent Gorenc entered Sterling's vehicle with Kairdoff as the back seat passenger and Agent Gorenc as the front seat passenger. Sterling then moved his vehicle next to a broken-down car near a phone booth. The three men exited the vehicle, went to the trunk where the heroin was supposedly stored, retrieved a box from the trunk and re-entered the vehicle.
The Defendant and two other men approached Sterling's car and asked for a cigarette light. The Defendant then pulled a gun, pointed it at Kairdoff and Agent Gorenc, and said, "give it up, dog." Kairdoff successfully exited and ran away from the vehicle. When Agent Gorenc exited the vehicle, he was grabbed by one of the men, identified as Paul James (James). Agent Gorenc drew his gun and pointed it at James who responded by backing away. However, the Defendant was still pointing his gun at Agent Gorenc. Agent Gorenc attempted to retreat and find cover, but he tripped and fell. The Defendant fired a shot. After what Agent Gorenc believed to be a second shot fired by the Defendant, he returned fire. The Defendant ran away and escaped over a nearby fence.
Meanwhile, Drug Enforcement Agency (DEA) agents and police officers, who were maintaining surveillance of the undercover sting operation, converged on the scene. The Defendant was accompanied by two men, James and Gilbert Francois (Francois), who were arrested at the scene. The Defendant was arrested later *462 after he was identified through police investigation. Upon his arrest, the Defendant gave a statement that he owed Sterling approximately $2,000 and Sterling told him that he could even his debt by robbing two white guys during a drug deal which Sterling was planning with the guys.[1]
The Defendant was charged in a bill of information on July 16, 1998 with conspiracy to commit armed robbery, conspiracy to commit distribution of heroin, and attempted first degree murder in violation of La. R.S. 14:26 and 64, 40:979 and 966, and 14:27 and 30 respectively.[2] He pled not guilty and filed numerous pre-trial motions, including a Motion to Suppress Identification and Statements. His motions to suppress were denied and he proceeded to trial on November 9, 1999. After a two-day trial, the Defendant was found guilty by a 12-person jury of conspiracy to commit armed robbery and attempted manslaughter. He was acquitted of the charge of conspiracy to commit distribution of heroin. He was subsequently sentenced to five years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence on the conspiracy to commit armed robbery conviction and 15 years imprisonment at hard labor on the attempted manslaughter conviction. They were to run consecutively.
The State filed a habitual offender bill of information alleging the Defendant to be a second felony offender based on the present conspiracy to commit armed robbery conviction and a prior theft conviction. He initially denied the allegations contained in the habitual offender bill of information and a hearing was set. However, at the habitual offender hearing, the Defendant had no objection to the State's evidence of his prior conviction and he stipulated to his identity as the same person who committed the prior offense. As such, the trial court vacated the Defendant's original sentence on the conspiracy to commit armed robbery conviction and imposed an enhanced sentence of 35 years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence, under La. R.S. 15:529.1, to run consecutively with the other sentence.
Defendant now appeals his finding as a habitual offender and his enhanced sentence. On appeal, the Defendant assigns two errors.

ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error the Defendant contends that the trial court erred in accepting his plea to the habitual offender bill of information without having advised him of his right to a hearing on the bill or of his right to remain silent prior to the stipulation to his identity at the habitual offender hearing. As such, the Defendant argues that his finding as a habitual offender and his enhanced sentence must be reversed.
The State concedes that the Defendant was not advised of those rights and acknowledges that the finding of the Defendant based on his plea must be set aside, as well as the enhanced sentence, and requests that the matter be remanded.
La. R.S. 15:529.1(D)(1)(a) requires that a defendant be advised of the specific allegations contained in the habitual offender bill and his right to a formal *463 hearing at which the State must prove its case for the habitual offender status. Implicit in this requirement is the additional requirement that defendant be advised of his constitutional right to remain silent. State v. Johnson, 432 So.2d 815, 817 (La. 1983). Where the defendant pleads or admits the allegations in the habitual offender bill of information, the failure to advise the defendant of his rights is reversible error.
In a habitual offender hearing, the State must prove the prior felony convictions and that the defendant is the same person who was previously convicted. State v. Bailey, 97-302 (La.App. 5th Cir.4/28/98), 713 So.2d 588, 610, writ denied, 98-1458 (La.10/30/98), 723 So.2d 971. Certified copies of court records evidencing prior convictions are sufficient to prove the prior conviction. However, independent proof is required to show that the defendant is the same person identified in the records. State v. Brown, 514 So.2d 99, 106 (La.1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988).
In the present case, the Defendant initially denied the allegations contained in the habitual offender bill of information and a hearing was set. At the commencement of the hearing, defense counsel indicated that the Defendant had no objection to any of the State's evidence. The State proceeded to offer evidence, namely the original clerk's record pertaining to the Defendant's prior conviction.[3] Thereafter, without having been advised of his right to remain silent, the Defendant stipulated that he was the same person who was previously convicted. The trial court then found him to be a second felony habitual offender and enhanced his sentence on the conspiracy conviction.
The State has conceded that the failure of the Defendant to be advised of his right to remain silent prior to stipulating to his identity is reversible error. Accordingly, we set aside the trial court's finding of the Defendant as a habitual offender and the enhanced sentence and remand the case to district court for further proceedings.

ASSIGNMENT OF ERROR NUMBER TWO
By this assignment of error the Defendant argues that his consecutive sentences are excessive. He asserts that because his two convictions arise from a single course of action, he should have received concurrent sentences under La.C.Cr.P. art. 883. Although the Defendant recognizes that the trial court has discretion to impose consecutive sentences, he argues that the trial court erred in doing so without articulating particular justification for imposing consecutive sentences.
While the Defendant's argument in this assignment of error may have some merit, because the imposition of consecutive sentences should be justified in the record with articulated reasons, we note that the assigned error is made moot by our resolution of assignment of error number one in which the sentence was set aside.[4]

ASSIGNMENT OF ERROR NUMBER THREE
By this assignment of error the Defendant requests that the record be reviewed for any errors patent on the face of the record. The record was reviewed for errors patent, according to La.C.Cr.P. art. *464 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
First, we note that there was an irregularity in the arraignment process. The record shows that the Defendant was arraigned on the original bill of information, containing counts one through three, on July 28, 1998 and entered a plea of not guilty. Thereafter, on November 4, 1999, count three of the bill of information was amended to charge him with attempted second degree murder. However, the record does not show that the Defendant was arraigned on the amended bill.
La.C.Cr.P. art. 555 provides in pertinent part:
A failure to arraign the defendant or the fact that he did not plead is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.
In this case, the Defendant did not object to his not being arraigned on the amended bill prior to trial. Therefore, the error of failing to arraign the Defendant on the amended bill was waived. State v. Richardson, 00-134 (La.App. 5th Cir.9/26/00), 770 So.2d 454, 457-458; State v. Hidalgo, 95-319 (La.App. 5th Cir.1/17/96), 668 So.2d 1188, 1202.
Second, as noted by the State in its appellee brief, the Defendant was not advised of the prescriptive period for filing post-conviction relief at either the original sentencing or at the enhanced sentencing as required by La.C.Cr.P. art. 930.8. The failure of the trial court to inform the Defendant of this prescriptive period is not a ground for vacating the sentence. Rather, the remedy is to remand the case with an instruction to the trial court to inform the Defendant of the two-year prescriptive period by sending written notice to the Defendant within ten days of the rendering of this Court's opinion and to file written proof in the record that the Defendant received said notice. State v. Joseph, 99-1161 (La.App. 5th Cir.3/22/00), 759 So.2d 141, 145. However, in this case, because the case is being remanded this error can be remedied upon resentencing of the Defendant.
Finally, we note that the minute entries/commitments dated December 9, 1999 and February 10, 2000 are inconsistent with the transcript. They both indicate that the Defendant was found guilty of the "amended charge" of attempted manslaughter. However, although the Defendant was found guilty of attempted manslaughter, it was not the "amended charge". The actual "amended charge" was attempted second degree murder. Where there is a discrepancy between the transcript and the minute entry, the transcript will prevail. State v. Lynch, 441 So.2d 732, 734 (La.1983). The error in the minute entry appears to be clerical. Since a clerical error does not cause prejudice to the Defendant's rights, such error does not merit reversal. State v. Gilmore, 522 So.2d 658, 661, (La.App. 5th Cir.1988). As a result, we order the trial court to correct the above inaccuracies in the minute entries/commitments to insure an accurate record. Additionally, the February 10, 2000 commitment indicates erroneously that the Defendant was initially sentenced to 35 years on count 1.
Accordingly, for the reasons set forth above, we affirm the Defendant's conviction for conspiracy to commit armed robbery and attempted manslaughter and his sentence to 15 years imprisonment at hard labor on the attempted manslaughter conviction. However, we vacate his finding as a habitual offender and his enhanced sentence and remand the case to the trial court for further proceedings.
*465 CONVICTIONS AFFIRMED; SENTENCE OF FIFTEEN YEARS IMPRISONMENT AT HARD LABOR AFFIRMED; HABITUAL OFFENDER FINDING AND ENHANCED SENTENCE VACATED; CASE REMANDED.
NOTES
[1] Sterling, Francis and James were also charged with conspiracy to commit armed robbery and conspiracy to distribute heroin in the same bill of information as the Defendant. However, it appears that all parties were severed for the purposes of trial.
[2] The bill of information was amended on November 4, 1999 to charge the Defendant with attempted second degree murder instead of attempted first degree murder.
[3] The appellate record does not contain the record of the Defendant's prior conviction that was offered by the State at the habitual offender hearing.
[4] We also note that the Defendant must make a timely motion to reconsider sentence to properly preserve this issue for appellate review.