# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-54 consolidated with 08-55

**STATE OF LOUISIANA**

**VERSUS**

**DERRICK BAKER, SR.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-245-06
HONORABLE STUART S. KAY JR., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ELIZABETH A. PICKETT**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Hon. David W. Burton**
**District Attorney - 36th JDC**
**Richard Alan Morton**
**Assistant District Attorney**
**P. O. Box 99**
**DeRidder, LA 70634**
**(337) 463-5578**
**Counsel for Plaintiff-Appellee:**
**State of Louisiana**

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**Counsel for Defendant-Appellant:**
**Derrick D. Baker, Sr.**

**PICKETT, Judge.**

## Facts

CR-245-2006

The bill of information in criminal docket number CR-245-2006 states that on March 2, 2006, the defendant committed two counts of aggravated criminal damage to property by "intentionally damaging a Dodge Stratus" and "intentionally damaging a structure housing Popeye's Restaurant," wherein it was foreseeable that human life might be endangered.

CR-538-2006

The bill of information in criminal docket number CR-583-2006 states that on April 23, 2006, the defendant and Carla Poland got into an altercation at Poland's apartment.[1] As a result of that altercation, the defendant was charged with aggravated burglary, attempted first degree murder, and attempted aggravated rape. The defendant asserted he acted in self-defense.

On May 3, 2006, the defendant, Derrick D. Baker, Sr., was charged by bill of information filed in docket number CR-245-2006 with two counts of aggravated criminal damage to property, a violation of La.R.S. 14:55. On July 20, 2006, the defendant was charged by bill of information filed in docket number CR-538-2006 with aggravated burglary, a violation of La.R.S. 14:60; attempted first degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30; and attempted aggravated rape, a violation of La.R.S. 14:27 and La.R.S. 14:42. The defendant was arraigned under both docket numbers on August 3, 2006, and entered pleas of not guilty.

---

[1]The victim's last name is spelled differently throughout the record. We have chosen to use the spelling found in the bill of information.

1

On May 18, 2007, the defendant entered a plea of guilty to two counts of aggravated criminal damage to property in docket number CR-245-2006. Jury selection in docket number CR-538-2006 commenced on May 21, 2007. On May 25, 2007, the jury returned a verdict of guilty of aggravated battery, a responsive verdict to attempted first degree murder, and not guilty of aggravated burglary and attempted aggravated rape.

On July 13, 2007, the defendant was sentenced in docket numbers CR-245-2006 and CR-538-2006, as follows:

> 1) aggravated criminal damage to property (two counts) - one hundred forty-four months at hard labor on each count, to run concurrently and consecutively to the sentences imposed in docket number CR-538-2006 and any sentence previously imposed which remains unserved;
>
> 2) aggravated battery - one hundred twenty months at hard labor, to run consecutively with the sentence imposed in docket number CR-245-2006 and any sentence previously imposed which remains unserved.

A Motion for Appeal and Designation of Record was filed in docket numbers CR-245-2006 and CR-538-2006 on August 31, 2007. The appeals were consolidated by this court.

<u>**Assignments of Error**</u>

The defendant, through his counsel, asserts two assignments of error:

1. The court erred in allowing details of prejudicial other crimes evidence during the cross-examination of Derrick Baker.

2. The consecutive sentences imposed are excessive for this first felony offender.

Additionally, the defendant asserts one *pro se* assignment of error, alleging that the evidence was insufficient to support his conviction for aggravated battery.

2

## Errors Patent

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## Sufficiency of the Evidence

In his *pro se* assignment of error, the defendant contends the evidence was insufficient to support his conviction. We will address this issue first.

The defendant asserts that he was assaulted by Poland and that his conduct in response to that assault was justified and sanctioned by the law of self-defense.

> In evaluating the sufficiency of the evidence to support a conviction, a reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Captville*, 448 So.2d 676, 678 (La.1984).

*State v. Draughn*, 05-1825, p. 7 (La. 1/17/07), 950 So.2d 583, 592, *cert. denied*, __ U.S. __, 128 S.Ct. 537 (2007).

The defendant was convicted of aggravated battery. An "[a]ggravated battery is a battery committed with a dangerous weapon." La.R.S. 14:34.

> To convict a defendant of aggravated battery, the prosecution must prove that the defendant intentionally used force or violence upon the victim, that the force or violence was inflicted with a dangerous weapon and that the dangerous weapon was an instrumentality used in a manner likely to cause death or great bodily harm.

*State v. Freeman*, 01-997, p. 3 (La.App. 3 Cir. 12/12/01), 801 So.2d 578, 581.

The defendant testified that Poland came from the kitchen and cornered him in the hall with a knife. She then stated she would teach him a lesson and started swinging the knife at him. The defendant took the knife from Poland and she

3

continued to come at him, hitting him, and cussing him. The defendant then testified that "I had the knife in my left hand, and I was doing that right there." The defendant further testified that Poland was between him and the only exit during the altercation. Additionally, as he was fleeing the apartment, Poland grabbed him "behind the shirt, steady trying to attack [him]."

Poland testified that she was on the porch when the defendant grabbed her around the neck and dragged her into the bedroom where he tried to rape her. Poland further testified that she was able to run into the hallway where the defendant punched her several times and said he would kill her. The defendant then ran out of the apartment. It was not until Poland was outside the apartment that she realized she had been stabbed.

The evidence clearly proved beyond a reasonable doubt that the defendant intentionally cut Poland with a knife. However, the defendant claims he acted in self-defense. At the time of the offense, the law provided for the use of force or violence in defense as follows:

> The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide.

La.R.S. 14:19.

> [I]n an act that did not result in a death, there is a twofold inquiry: (1) from the facts presented, was the use of force reasonable under the circumstances; and, (2) a subjective inquiry into whether the force was apparently necessary. *State v. Perkins*, 527 So.2d 48 (La.App. 3 Cir.1988). Further, it is the Defendant's burden in a non-homicide to establish by a preponderance of the evidence that self-defense was justified. [*State v.*] *Anderson*, [98-492 (La.App. 3 Cir. 10/28/98),] 721 So.2d 1006[, *writ denied*, 98-2976 (La.3/19/99), 739 So.2d 781].

4

*State v. Charles*, 00-1611, pp. 5-6 (La.App. 3 Cir. 5/9/01), 787 So.2d 516, 520, *writ denied*, 01-1554 (La. 4/19/02), 813 So.2d 420.

"A person who is the aggressor or who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict." La.R.S. 14:21.

The verdict indicates the jury may have chosen to believe Poland's version of the events. Thus, the defendant would be considered the aggressor in the altercation and, consequently, could not claim self-defense. The jury may have also chosen to believe the defendant's version of the events. However, the jury may have decided that the force used by the defendant was not reasonable under the circumstances, as the defendant unarmed Poland and Poland testified that she received three cuts on the arm, cuts to the back, knots to the head, bruising to the neck, and some of her hair was pulled out. Accordingly, we find the defendant's *pro se* assignment of error lacks merit.

### Other Crimes Evidence

In his first assignment of error, the defendant contends the trial court erred in allowing details of prejudicial other crimes evidence during the state's cross-examination of him.

The state filed a "Motion to Determine Admissibility of C.E. Article 404B Evidence" on March 8, 2007. Therein, the state gave notice of its intent to use other crimes, wrongs, or acts by the defendant against Carla Poland, Gwendolyn Baker, Diedre Holmes, and LaShon Irvin to show the defendant's "pattern, plan, intent,

motive, absence of mistake or accident," and to rebut the claim of self-defense.[2]  On March 26, 2007, the defendant filed an opposition to the state's motion.  On May 8, 2007, a document entitled "Defendant's Notice of No Opposition to State's Intention to Introduce Other Crimes Evidence" was filed by the defendant.  Therein, the defendant stated he had no opposition to the state's intention to introduce other crimes evidence and he believed the state's motion had merit.   He stipulated to the admissibility of the evidence sought to be introduced by the state, and defense counsel waived his and his client's appearance for a hearing on the motion set for May 10, 2007.  At the May 10, 2007, hearing, the trial court noted the defendant's waiver of appearance and stipulation, and found the evidence discussed in the March 8, 2007, motion to be admissible.

The state filed a second "Motion to Determine Admissibility of C.E. Article 404B Evidence" in open court on May 21, 2007.  Therein, the state sought to introduce evidence of the acts committed by the defendant at a Popeye's restaurant. The record does not reflect that this motion was ever ruled upon by the trial court. While the trial court does reference a motion filed on May 21, 2007, in discussions with the attorneys in open court, the substance of the discussions refers to the

_____

[2]The motion listed the following offenses:
1) offenses occurring against Carla Poland, the victim in the case at bar, on November 13, 2005; November 23, 2005; February 25, 2006; and March 1, 2006;

2) spousal abuse and aggravated assault with a firearm committed on May 2, 1993, against the defendant's wife, Gwendolyn Baker, involving the defendant beating the victim on the head with his fists and threatening her and others with a shotgun;

3) aggravated battery and assault with a deadly weapon committed against the defendant's pregnant live-in-girlfriend, Diedre Holmes, on May 16, 1997; and

4) felony domestic battery committed upon the Defendant's girlfriend, La[S]hon Irvin, on April 17, 1999, wherein the defendant punched the victim in the face, knocking her into a glass table, grabbed a butcher knife, and threatened the victim.

6

convictions outlined in the March 8, 2007, motion filed by the state. We note that evidence of the actions of the defendant at the Popeye's restaurant was admitted into evidence during the examination of the victim, Carla Poland.

On May 24, 2007, after the prosecution had rested its case-in-chief against the defendant, the trial court convened without the jury to clarify an issue the court stated it had ruled on "Monday morning, relating to the admissibility of 404(B) evidence pursuant to a motion of the State that was filed on that morning." The trial court then stated the following:

> The Court's understanding of its ruling on Monday was that the evidence was admissible based upon the recent Louisiana Supreme Court case of State versus Rose which was decided on February 22nd, 2007, and has a citation of Westlaw 530017, in which it was made clear - - I thought - - in the reasoning of the Court that other crimes evidence would be admissible under 404 (B) to show intention, lack of mistake, plan, or motive in connection with this case, insofar as it related to previous acts of assault or violence against women in which the defendant had a relationship of some sort.

> The Court understands that the Rose case ruled that if you are not dealing with using these cases or circumstances to prove identi[t]y, there is no requirement that the actions be distinctively similar to the one in question because identity is not a question here. The Court feels that that is not applicable in this particular case.

> Now, there has been some discussion among counsel this morning that that may not be the ruling that they understood. Consequently, I have agreed to convene Court without the jury so that objections can be made of record; and the matter preserved for purposes of appeal.

At that time, the state asserted the incidents involving Baker, Holmes, and Irvin were admissible other crimes evidence under article 404(B) and stated the following:

> [I]n the motion to determine admissibility of Article 404(6) evidence, the motion I filed for the State on March 8, 2007, Paragraph 4 sets forth three specific incidents, occurrences, situations from Florida.

> The first occurring May 2nd, '93 in Gadsden County, Florida; the second, May 16th, '97, Leon County Florida; third, April 17, 1999, Leon

7

County, Florida. The first one involved his former wife Gwendolyn Baker or wife equivalent; the second incident involved his live-in girlfriend, D[i]edr[e] Holmes; and the third involved another girlfriend, LaSh[o]n Irvin[], the third one in '99.

Each of these involved violence by the defendant against girlfriend, spouse, or spouse equivalence. The same kind of domestic abuse violence that we are dealing with in this case.

And as I said in my motion, this evidence is offered to show his intent, his pattern of behavior towards domestic partners, his motive insofar as his intentions in this case to kill and rape and burglarize Ms. Carla Pol[]and's home. I think that's proper under the case of State versus Rose.

The state subsequently stated, "it is my understanding Mr. Baker was actually convicted."

Defense counsel then stated he was concerned because the convictions involving Baker, Holmes, and Irvin were general intent crimes and the state wanted to offer those convictions to establish specific intent in the case at bar. Defense counsel additionally argued that the introduction of other crimes evidence was prejudicial and would tend to confuse the jury. Further, defense counsel stated that it was unfortunate that state intended to use evidence of crimes committed in 1993. He additionally noted there was no indication "that these are unique patterns," as they involved different "witnesses" and "difficult alleged instrumentalities." It appears that defense counsel was arguing against the admissibility of evidence which the same counsel stipulated was admissible on May 8, 2007.

The trial court then stated the following:

The Court has, of course, heard those arguments on Monday and reached the conclusion that these incidents that are in question are part of a pattern that establishes that the defendant is - - could have had the intent to act as he has.

I think State versus Welch which I cited on Monday, 394, 1181, So.2d, which is a Supreme Court case, along with the Rose case make it clear that the evidence is admissible. I recognize that it is prejudicial.

8

> Most evidence admitted by the State against any defendant in trial is prejudicial by the nature of it. I think this is important and appropriate evidence, and it's not unduly prejudicial under the standards that we apply in the Code of Evidence Article 403.

There is no transcript of the proceedings held on Monday, May 21, 2007, in the record and the minute entry for that date does not reflect the trial court made a ruling regarding other crimes evidence. The Beauregard Parish Clerk of Court's Office has informed this court that it had no record of such a ruling made on May 21, 2007. In brief to this court, the state asserts that the exchange above occurred in response to discussions in chambers on the subject and the trial court mistakenly said it had ruled on this subject on Monday. We must confine our review to what is of record and will address the issues presented by the defendant in brief to this court by using the ruling set forth by the trial court on May 24, 2007, and the arguments presented by the parties at that time.

In brief to this court, the defendant argues that, while the state gave notice pursuant to *State v. Prieur*, 277 So.2d 126 (La.1973), it elected not to use other crimes evidence under La.Code Evid. art. 404(B) in its case-in-chief. Thus, the state waived any use of article 404(B) evidence in its cross-examination of him. The defendant further argues that La.Code Evid. art. 609.1 governs the issue and the details of the other crimes evidence presented at trial should have been ruled inadmissible.

The defendant alternatively argues that should this court find Article 404(B) applies to this case, the evidence at issue is inadmissible nonetheless. The defendant asserts the evidence at issue is inadmissible for the following reasons:

> 1) prior arrests and convictions for domestic abuse with different complainants have no bearing on the Defendant's relationship with Poland;

9

2) the other crimes evidence had no bearing on any contested element of the charged offenses and impermissibly attempted to show he had the propensity to commit these acts;

3) the trial court erred in finding these acts admissible as "[p]art of a pattern that establishes that the defendant . . . could have had the intent to act as he has;"

4) the other crimes at issue involved different complainants dating back to 1993 and are factually dissimilar;

5) the balancing test prohibits the use of details of the other crimes at issue because they had no probative value in establishing an essential element of this case; and

6) the admission of the other crimes at issue resulted in grave prejudice to the defendant.

Louisiana Code of Evidence article 404(B) states:

B. Other crimes, wrongs, or acts. (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

(2) In the absence of evidence of a hostile demonstration or an overt act on the part of the victim at the time of the offense charged, evidence of the victim's prior threats against the accused or the accused's state of mind as to the victim's dangerous character is not admissible; provided that when the accused pleads self-defense and there is a history of assaultive behavior between the victim and the accused and the accused lived in a familial or intimate relationship such as, but not limited to, the husband-wife, parent-child, or concubinage relationship, it shall not be necessary to first show a hostile demonstration or overt act on the part of the victim in order to introduce evidence of the dangerous character of the victim, including specific instances of conduct and domestic violence; and further provided that an expert's opinion as to the effects of the prior assaultive acts on the accused's state of mind is admissible.

A portion of the information excluded by article 404(B) would be admissible

10

under La.Code Evid. art. 609.1, which provides, in pertinent part, as follows:

> A. **General criminal rule.** In a criminal case, every witness by testifying subjects himself to examination relative to his criminal convictions, subject to limitations set forth below.
>
> B. **Convictions.** Generally, only offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal.
>
> C. **Details of convictions.** Ordinarily, only the fact of a conviction, the name of the offense, the date thereof, and the sentence imposed is admissible. However, details of the offense may become admissible to show the true nature of the offense:
>
> > (1) When the witness has denied the conviction or denied recollection thereof;
> >
> > (2) When the witness has testified to exculpatory facts or circumstances surrounding the conviction; or
> >
> > (3) When the probative value thereof outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury.

In his May 8, 2007, filing with the trial court, the defendant waived his opposition and stipulated to the admissibility of other crimes evidence set forth in the state's March 8, 2007, motion. The defendant now claims that because the state did not introduce evidence of the other crimes during its case-in-chief, the state is precluded from introducing evidence of other crimes during the cross-examination of the defendant. We disagree. We find that the defendant waived his objection to the other crimes evidence on May 8, 2007, and cannot object to its admissibility now. This assignment of error lacks merit.

## Excessive Sentences

In his second assignment of error, the defendant contends the consecutive sentences imposed are excessive for this first offender. The defendant asserts that he

received upper range sentences for aggravated criminal damage to property and the maximum sentence for aggravated battery. The defendant argues that considering the facts of the crimes and his personal history, the sentences imposed are excessive. He then asserts the total sentence of twenty-two years is excessive and a lesser sentence should have been imposed.

Although defense counsel objected to the sentences at the sentencing hearing, a review of the record shows that the defendant failed to file a written motion for reconsideration of sentence as required by La.Code Crim.P. art. 881.1. Thus, the defendant is precluded from raising the excessiveness of his sentences on appeal. *State v. Hillman*, 613 So.2d 1053 (La.App. 3 Cir.), *writ denied*, 617 So.2d 1181 (La.1993). Although the defendant's sentencing claims are barred pursuant to La.Code Crim.P. art. 881.1, this court will review the defendant's sentences for aggravated criminal damage to property "for bare excessiveness in the interest of justice." *State v, Davis*, 06-922, p. 2 (La.App. 3 Cir. 12/29/06), 947 So.2d 201, 203 (citing *State v. Graves*, 01-156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ denied*, 02-29 (La.10/14/02), 827 So.2d 420). This court has also reviewed claims regarding the consecutive nature of sentences using a bare claim of excessiveness analysis. *Id.*

> The Eighth Amendment to the United States Constitution and La. Const. art. 1, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Nevertheless, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. "Maximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad

12

discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Davenport*, 07-254, pp. 3-4 (La.App. 3 Cir. 10/3/07), 967 So.2d 563, 565.

The penalty for aggravated criminal damage to property is a fine of not more than ten thousand dollars, imprisonment with or without hard labor for not less than one nor more than fifteen years, or both. La.R.S. 14:55. The defendant received a sentence of one hundred forty-four months, twelve years, at hard labor on each count, to run concurrently.

After imposing the sentences at issue, the trial court stated it had considered the presentence investigation report, the evidence adduced at trial, and the defendant's criminal history. The trial court then noted that it had concluded the defendant was "potentially a violent and dangerous person, who should be separated from society." The trial court further noted the defendant's temper was explosive, he acted without regard to the consequences of his actions to others, he had a history of domestic violence against women that began almost fifteen years earlier, he had twice been charged with felony assault against paramours which had successfully been pled down to misdemeanors, and his probation had been revoked. The trial court then stated the defendant had outstanding warrants in Florida for "battery, great bodily harm, and misdemeanor grade battery," which crimes were similar to his current convictions. The trial court then stated the following:

> I believe that you have a great propensity to commit a crime of violence in the future. Your offenses in this case were particularly violent and life-threatening. Your outrageous behavior in ramming your vehicle into another parked vehicle at a fast food restaurant, causing the second vehicle to crash through the plate glass window of the restaurant, which was filled with patrons during the noon hour, placed a number of people at risk for serious injury or death. It was only luck that no life threatening injuries resulted from your irrational behavior.

13

Following this event, you fled the State of Louisiana and were arrested on a fugitive warrant after you had returned to the State. After your arrest and release on bond on the charges of CR-245-2006, you committed the offense for which you were convicted in CR-538-2006. After committing this second offense, you again fled the State and had to be arrested and extradited from Florida for trial.

The victim in the two cases was the same. Even though you were ordered as a condition of bond in the first case not to have contact with the victim pending trial. The evidence which the Court heard at trial suggests the Jury may well have reached a compromised verdict. As in the Court's view, the evidence at trial, could well have supported a conviction on more serious offense. Your attack on the victim was vicious and brutal. She suffered serious knife wounds and could have lost her life as a result of your attack. Again, you were lucky. Your offenses against the victim may have arisen out of the same relationship that you had with her, but they were separate and distinct and occurred on different occasions. They were completely different crimes arising out of two different transactions.

For this reason, I have made the sentences imposed in CR-245-2006 and CR-538-2006 to run consecutively.

Even though you appear before this Court as a first felony offender, I have chosen lengthy sentences in each case due to your criminal history of violence and the intensity of the violence in each of these criminal events.

Further, you still appear to blame the victim for your behavior and do not accept your own culpability for the actions taken. This attitude is disturbing to the Court and suggests that you are still a danger to society.

Your denials of culpability are unconvincing in view of all of the evidence in the case. Even your statements to the probation officer in connection with the preparation of the Presentence Investigation Report continued to reflect your refusal to acknowledge the truth and your responsibility by blaming your circumstances on the victim's lies. From your history and your trial testimony, I conclude that in your mind, fault is always with others. You appear before this Court with three prior misdemeanor convictions, all involving violence against the person. Your criminal history shows numerous other arrests for which disposition is not known. You have been on probation without success. Given the facts of this case and your apparent refusal to accept responsibility, the Sentence imposed hereby is both just and fair under the circumstances. It's clearly not excessive, given your history.

The trial court considered the presentence investigation report and the nature and background of the defendant at the sentencing hearing. We note the two sentences for aggravated criminal damage to property were ordered to run concurrently. We find the defendant's sentences for the two counts of aggravated criminal damage to property are not excessive based on the fact that he caused an automobile to go through the plate glass window at a Popeye's restaurant, endangering the lives of the patrons therein. Therefore, those sentences are affirmed.

The penalty for aggravated battery is a fine of not more than five thousand dollars, imprisonment with or without hard labor for not more than ten years, or both. La.R.S. 14:34. The defendant received a sentence of one hundred twenty months, ten years, at hard labor, to run consecutively with the sentences imposed for aggravated criminal damage to property. Thus, he received the maximum sentence.

In *State v. Sullivan*, 02-35 (La.App. 5 Cir. 4/30/02), 817 So.2d 335, the defendant attacked his sixty-year-old neighbor, causing bruises to his arm and an extensive cut over his left eye. The court noted that were it not for the diligence and assistance of another neighbor, the victim may have been stabbed full force in his back and the forceful use of the knife during the attack resulted in the handle of the knife breaking away from the blade. The court found the defendant's sentence of ten years at hard labor was not excessive despite the fact that he was a first offender and suffered from mental illness, since the defendant posed an extreme and escalating danger to his community and the sentence was within statutory guidelines.

In *State v. Richardson*, 01-239 (La.App. 5 Cir. 6/27/01), 790 So.2d 717, the court found a ten-year sentence for aggravated battery was not constitutionally excessive, where the defendant stabbed the victim as the victim tried to escape and

15

the victim underwent exploratory surgery and missed seven months of work due to being stabbed.

Based on the cases cited herein, the facts and circumstances regarding the offense of aggravated battery, the defendant's prior convictions, and the fact that the defendant committed the offense while he was out on bond for the offenses of aggravated criminal damage to property, we cannot say the trial court abused its discretion when imposing the maximum sentence upon the defendant.

Although the defendant was sentenced for all offenses on the same date, the offenses of aggravated criminal damage to property and aggravated battery occurred on different dates and under different circumstances. Therefore, the trial court did not err when it ordered the sentences to run consecutively. La.Code Crim.P. art. 883. *See also State v. Charles*, 02-443 (La.App. 3 Cir. 10/2/02), 827 So.2d 553, *writ denied*, 02-2707 (La. 3/28/03), 840 So.2d 569. This assignment of error lacks merit.

<u>**Conclusion**</u>

The conviction and sentence for aggravated battery in CR-538-2006 are affirmed. The sentences imposed for the two counts of aggravated criminal damage to property in CR-245-2006 are affirmed.

**AFFIRMED.**

16